TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00469-CR






Andre Webb, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0945017, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 Appellant Andre Webb appeals his conviction for the offense of aggravated robbery
with a deadly weapon. See Tex. Penal Code Ann. § 29.03 (West 1994). The trial court assessed
appellant's punishment at imprisonment for forty years. Two points of error are presented in
which appellant asserts that the trial court violated article 36.16 of the Code of Criminal
Procedure and erred in giving an Allen (1) or "Dynamite" charge to the jury when (1) the jury had
not requested any additional instructions, and (2) the charge "unduly coerced minority members
of the jury into agreeing with the majority members in contravention of due process." We will
overrule appellant's points of error and affirm the trial court's judgment.

 Appellant was jointly tried with three other defendants. Each defendant was
represented by separate counsel. The jury, after deliberating about five hours, requested that the
trial court have certain testimony read to them. Although there was no indication that the jurors
were deadlocked in their deliberations, the trial court at that time also submitted to the jury an
Allen charge. Counsel for two of the defendants voiced objection to the submission of that charge. 
The third defendant's counsel adopted these objections for his client. Appellant's counsel made
no objection to the submission of the Allen charge and he did not adopt for his client objections
made by other counsel. Therefore, appellant did not preserve the claimed error by a proper
objection in the trial court. See Tex. R. App. P. 52(a); Martinez v. State, 833 S.W.2d 188, 189
(Tex. App.--Dallas 1992, pet. ref'd).

 On appeal, when error in the jury charge is claimed and the error was not preserved
by a proper objection in the trial court, to obtain reversal, an appellant must show that he suffered
actual "egregious" harm that denied him a fair and impartial trial. Patrick v. State, 906 S.W.2d
481, 492 (Tex. Crim. App. 1995); Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). See Tex. Code Crim. Proc.
Ann. art. 36.19 (West 1981).

 The degree of harm must be assayed in light of the entire charge, the state of the
evidence, including the contested issues and weight of probative evidence, including the argument
of counsel, and any other relevant information revealed by the record at the trial as a whole. 
Patrick , 906 S.W.2d at 492; Huffman v. State, 691 S.W.2d 726, 731 (Tex. App.--Austin 1985,
no pet.). The record must reveal actual, not just theoretical, harm to the accused, and no error
in the charge requires "automatic" reversal. Id.

 Appellant relies on Jackson v. State, 753 S.W.2d 706 (Tex. App.--San Antonio
1988, pet. ref'd). His reliance is misplaced because in that case "[a]ppellant timely objected to
the giving of the supplemental charge." Id. at 711. Jackson held a defendant who fails to specify
in his trial objection that giving an Allen charge violates article 36.16 does not preserve that issue
for review. Id. at 713.

 Appellant's argument, in his brief, is concerned with the perceived coercive nature
of the Allen charge and a discussion of the modified Allen charge. There is no discussion of the
entire charge, the state of the evidence including the contended issue or its weight and probative
value, the argument of counsel, or any other relevant information revealed by the record. There
is no attempt to make a harm analysis based on the record. We conclude appellant, having failed
to make any trial objection to the Allen charge, has not preserved that issue nor has he shown the
giving of that charge caused him actual egregious harm that denied him a fair and impartial trial.
Appellant's points of error are overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll and Justices B. A. Smith and Dally*

Affirmed

Filed: May 22, 1997

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Allen v. United States, 164 U.S. 492 (1896).



ity members
of the jury into agreeing with the majority members in contravention of due process." We will
overrule appellant's points of error and affirm the trial court's judgment.

 Appellant was jointly tried with three other defendants. Each defendant was
represented by separate counsel. The jury, after deliberating about five hours, requested that the
trial court have certain testimony read to them. Although there was no indication that the jurors
were deadlocked in their deliberations, the trial court at that time also submitted to the jury an
Allen charge. Counsel for two of the defendants voiced objection to the submission of that charge. 
The third defendant's counsel adopted these objections for his client. Appellant's counsel made
no objection to the submission of the Allen charge and he did not adopt for his client objections
made by other counsel. Therefore, appellant did not preserve the claimed error by a proper
objection in the trial court. See Tex. R. App. P. 52(a); Martinez v. State, 833 S.W.2d 188, 189
(Tex. App.--Dallas 1992, pet. ref'd).

 On appeal, when error in the jury charge is claimed and the error was not preserved
by a proper objection in the trial court, to obtain reversal, an appellant must show that he suffered
actual "egregious" harm that denied him a fair and impartial trial. Patrick v. State, 906 S.W.2d
481, 492 (Tex. Crim. App. 1995); Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). See Tex. Code Crim. Proc.
Ann. art. 36.19 (West 1981).

 The degree of harm must be assayed in light of the entire charge, the state of the
evidence, including the contested issues and weight of probative evidence, including the argument
of counsel, and any other relevant information revealed by the record at the trial as a whole. 
Patrick , 906 S.W.2d at 492; Huffman v. State, 691 S.W.2d 726, 731 (Tex. App.--Austin 1985,
no pet.). The rec